SUMMARY ORDER
Plaintiff-appellant Bibiano Rosa appeals a memorandum opinion and order of the United States District Court for the Southern District of New York (Wood, C.J.) dated April 2, 2007, 2007 WL 1001416, granting the defendants-appellees’ motions to dismiss Rosa’s amended complaint. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the grant of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) de novo, “construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiffs favor.” Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. *657 2008) (internal quotation marks omitted). The complaint must allege facts sufficient “ ‘to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.’ ” Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (citation omitted)).
A. Equal Protection
We express no opinion as to the district court’s holding that Rosa is collaterally estopped from pursuing his equal protection claim. We agree, however, with the district court’s alternative holding that this claim lacks merit.
Article 21.12 of the collective bargaining agreement (“CBA”) provides the procedures by which disciplinary charges against faculty members who have been convicted of a felony are to be resolved. Rosa identifies no fundamental right with which this provision interferes. See Mass. Bd. of Ret. v. Murgia, 427 U.S. 307, 312-13 & n. 3, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976) (per curiam). Nor does the provision discriminate against any suspect class. See Baker v. Cuomo, 58 F.3d 814, 820-22 (2d Cir.1995), vacated on other grounds, Baker v. Pataki, 85 F.3d 919 (2d Cir.1996) (en banc) (per curiam); cf. Richardson v. Ramirez, 418 U.S. 24, 94 S.Ct. 2655, 41 L.Ed.2d 551 (1974). Consequently, Article 21.12 will withstand scrutiny as long as we can identify “ ‘any reasonably conceivable state of facts that could provide a rational basis for the classification’ ” that the provision creates. Benjamin v. Jacobson, 172 F.3d 144,165 (2d Cir.1999) (en banc) (quoting Heller v. Doe, 509 U.S. 312, 320, 113 S.Ct. 2637,125 L.Ed.2d 257 (1993)).
That standard easily is met on the facts of this case. Rosa taught business law and ethics at Hostos College. Yet in July 2000, he was convicted of committing grand larceny in the third degree, a Class D felony, after pleading guilty in New York State Supreme Court to using nearly $80,000 in escrow funds belonging to the Christian Rehoboth Church, an organization for which he served as the accountant, to pay his personal bills. The defendants plainly have an interest in ensuring that the faculty members that they entrust with teaching the legal and ethical aspects of business do not engage in illegal and unethical business behavior.
B. Due Process
Rosa argues that he was deprived of a constitutionally protected right without receiving adequate process because (1) he did not receive a hearing prior to his suspension without pay, and (2) the hearing he received following that suspension and prior to his termination was insufficient. In evaluating this claim, we employ a two-step analysis, considering first whether Rosa “possessed a liberty or property interest” in his continued employment, and then, if so, “what process he was due before he could be deprived of that interest.” Ciambriello v. County of Nassau, 292 F.3d 307, 313 (2d Cir.2002). It is common ground that Rosa, as a tenured faculty member, possessed a property interest in his continued employment. We therefore focus on the second prong of the analysis.
The Supreme Court has “described ‘the root requirement’ of the Due Process Clause as being ‘that an individual be given an opportunity for a hearing before he is deprived of any significant property interest.’ ” Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (quoting Boddie v. Connecticut, 401 U.S. 371, 379, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971)); see Ciambriello, 292 F.3d at 319. However, a predeprivation hearing is not required where, as here, an employee is suspended without pay after having been convicted of a felo *658 ny, because that conviction (1) “ ‘demónstratelas] that the [deprivation] is not arbitrary’ ” and (2) “serve[s] to assure that the ... employer’s decision ... is not ‘baseless or unwarranted.’ ” Gilbert v. Homar, 520 U.S. 924, 933, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997) (quoting FDIC v. Mallen, 486 U.S. 230, 240, 244, 108 S.Ct. 1780, 100 L.Ed.2d 265 (1988)).
Rosa also received adequate process following his suspension and prior to his termination. As an initial matter, the arbitrator’s decision makes clear that she evaluated the disciplinary charge against Rosa consistent with the requirements of New York law, including N.Y. Correct. Law §§ 752(1) and 753. Moreover, Rosa’s contention that he could not raise a facial challenge before the Article 78 court is of no moment in light of our determination that Article 21.12 was rationally applied to him. See, e.g., United States v. Sage, 92 F.3d 101, 106 (2d Cir.1996) (noting that to bring a facial challenge the plaintiff must show that “no set of circumstances exists under which the [provision] would be valid” (internal quotation marks omitted)). Finally, Rosa offers no argument as to why the delay between when he was deprived of his property interest and when, his arbitration hearing was held violated his due process rights beyond (1) the mere fact of the length of the delay and (2) the fact that the CBA mandated a much more expedited schedule. See Loudermill, 470 U.S. at 547, 105 S.Ct. 1487 (“The chronology of the proceedings' set out in the complaint, coupled with the assertion that nine months is too long to wait, does not state a claim of constitutional deprivation.”).
C. Conclusion
We have considered Rosa’s remaining' arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the district court is hereby
AFFIRMED.